### LEITER et al. v. POINDEXTER.

(Circuit Court of Appeals, Ninth Circuit. February 15, 1915. Rehearing Denied March 18, 1915.)

No. 2335.

1. BILLS AND NOTES ⬤150—NEGOTIABILITY—CHARACTER OF INSTRUMENT.

A contract entitled "Stockholder's Purchasing Contract," whereby the subscribers purchased a horse, following which agreement to purchase was a promise to pay $2,800 therefor in installments in the form of a promissory note, was upon its face what it purported to be, a purchasing contract, and not a negotiable promissory note.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 55, 374–379, 405, 406; Dec. Dig. ⬤150.]

2. APPEAL AND ERROR ⬤843—REVIEW—MATTERS NOT NECESSARY TO DECISION.

In an action by the transferee of a contract to purchase a horse, containing a promise to pay in the form of a promissory note, where the jury found for defendant on his contentions that the instrument did not contain the promise to pay when signed by him, and that the preliminary recitals of the contract, with the surrounding circumstances, put plaintiff on notice that the instrument was not a negotiable promissory note, but a contract of purchase, it was immaterial whether as a matter of law the instrument was a negotiable note or not, as the jury by its verdict found that it was not such an instrument in fact.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3331–3341; Dec. Dig. ⬤843.]

In Error to the District Court of the United States for the Central Division of the District of Idaho; F. S. Dietrich, Judge.

Action by J. M. Leiter and another against Thomas S. Poindexter, brought by plaintiffs, as assignees of the A. C. Ruby Company, on a certain written instrument alleged to be a promissory note, executed by defendant and one Henry Stroh, in favor of the A. C. Ruby Company. Judgment for defendant, and plaintiffs bring error. Affirmed.

Forney & Moore, of Moscow, Idaho, and Wilson & Neal, of Portland, Or., for plaintiffs in error.

C. J. Orland, of Moscow, Idaho, and J. T. Brown, of Colfax, Wash., for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge. On February 14, 1911, the defendant in error, Thomas S. Poindexter, together with one Henry Stroh, made,

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

executed, and delivered to Samuel K. Watson, acting as agent for and on behalf of the A. C. Ruby Company, the following written instrument:

### "Stockholder's Purchasing Contract.

"Feb. 14, 1911.

"After a good and satisfactory examination of the Percheron stallion named Ithos, No. 53,347, owned by the A. C. Ruby Company of Portland, Or., and recognizing his value as a means of improving our horse stock, we, the undersigned subscribers, hereby purchase said stallion of the A. C. Ruby Company accordingly, and we hereby authorize the delivery of said horse to any one of the subscribers hereto.

"$2800.00. Portland, Oregon, Feb. 14, 1911.

"For value received, I promise to pay to the order of the A. C. Ruby Company the sum of twenty-eight hundred dollars, payable at the Merchants' National Bank, Portland, Oregon, in payments as follows:

"One thousand and $^{00}/_{100}$ dollars, Oct. 1, 1911.

"Nine hundred and $^{00}/_{100}$ dollars, Oct. 1, 1912.

"Nine hundred and $^{00}/_{100}$ dollars, Oct. 1, 1913—

with interest from date at the rate of eight per cent., payable semiannually, and if not so paid, the whole sum of both principal and interest become due and collectible at the option of the holder hereof, and in case suit or action is instituted to collect payment I agree to pay reasonable attorney's fees.

"Thos. S. Poindexter.

"Henry Stroh."

The plaintiffs in error were plaintiffs in the court below in an action commenced on December 16, 1911, on the foregoing instrument, alleging it to be a promissory note. It is further alleged that prior to the 14th day of August, 1911, A. C. Ruby Company mentioned in said instrument as payee, for a valuable consideration sold, assigned, and transferred the said note by indorsement to J. M. Leiter and Floyd J. Campbell, the plaintiffs in said action, and that the said plaintiffs were then the legal owners and holders of said note; that said note had not been paid, nor any part thereof, except the sum of $400 paid by the defendant, to apply one-third on each of the installments of principal provided for in said note. The defendant in his answer set up three defenses to the cause of action stated in the complaint:

[1] 1. A denial that the written instrument in suit was a negotiable promissory note. In this defense the issue was presented as a question of law, and was considered and determined by the court below in the negative. The offer of the plaintiffs to introduce evidence tending to show that they were bona fide holders of the instrument for value, and that they took it before maturity without notice of any defense thereto, was accordingly held by the court to be immaterial, and the evidence was excluded. The court also refused to instruct the jury that the instrument set out in the complaint was in law a negotiable promissory note. The case has been brought here by the plaintiffs upon that question alone. We concur in the ruling of the court below upon this question. We are of opinion that the instrument upon its face is what it purports to be, a "Stockholder's Purchasing Contract." But, as we view the case, the question was primarily one of fact. In the defendant's answer the two remaining defenses were questions of fact, the determination of either of which determined whether the instrument was in fact a negotiable promissory note.

[2] 2. In the second defense the defendant alleged that the instrument set out in the complaint was not signed by him in the form and with the conditions therein specified; that if the instrument set out in the complaint was in accordance with the original of which it was claimed and alleged to be a copy, and the defendant's signature was attached thereto, then the defendant alleged that such instrument had been altered and changed; that he at no time ever made, executed, signed, or delivered any such instrument to A. C. Ruby Company, or to any other person or persons; that he never signed any instrument whereby he agreed to pay A. C. Ruby Company $2,800; that he signed no instrument wherein he promised to pay said sum in installments of $1,000, $900, and $900, respectively, as mentioned in the complaint; that there was no promise to pay any sum of money at any time or date, and that as to all such matters the instrument had been altered and changed; that the defendant never at any time made, executed, or signed such instrument, and never agreed to make, execute, or sign such instrument, or any instrument for the payment of money in any amount to A. C. Ruby Company.

3. The third defense was the alleged failure of consideration upon the breach of a written warranty upon the part of the plaintiffs' assignor with respect to the character of the horse alleged to have been sold to the defendant. It appears that on February 14, 1911, the date of the instrument in suit, the A. C. Ruby Company executed and delivered to the defendant and another, mentioned as purchasers of the horse, and as part of the same transaction, a written guaranty concerning certain qualities of the horse mentioned in the "Stockholder's Purchasing Contract," and it was provided that in case the horse did not have these guaranteed qualities the A. C. Ruby Company would furnish another horse at the same price with the same guaranteed qualities. The defendant alleged in his answer that the horse did not have the qualities specified in the guaranty, and the horse was returned to A. C. Ruby Company without cost. In other words, the defendant alleged a breach of warranty on the part of A. C. Ruby Company, and a failure of consideration for the purchasing contract. This was no defense to the action upon the instrument as a promissory note in the hands of a purchaser for value, before maturity, without notice; but the plaintiffs raised no objection to the answer on that account, nor did they object to the testimony offered in support of this defense, nor did they object to the instructions of the court submitting this defense to the jury.

The jury returned a general verdict in favor of the defendant, and upon that verdict a judgment was entered in favor of the defendant. It is from that judgment that the present writ of error is prosecuted.

4. With respect to the second defense, the verdict was in effect a determination by the jury upon the question of fact that the plaintiff had no cause of action against the defendant upon the instrument as set out in the complaint. With respect to the third defense, the verdict was in effect a determination by the jury that the plaintiffs had no cause of action against the defendant upon the instrument as a purchasing contract. The evidence as it appears in the record was

sufficient to support a verdict upon either of these questions. In submitting the first question to the jury, the court said:

"It is unimportant to you whether this instrument is to be called a promissory note or simply a contract. In other words, it makes no difference whether in law it is to be deemed a promissory note or a contract. In either case, the defendant is bound if he signed it, and if the consideration therefor has not failed, as I shall explain to you in the course of my instructions. * * * There are in reality two primary questions, and this is the first question: I want to make it clear to you and as simple as possible. The first question is: Was this instrument (called 'Stockholder's Purchasing Contract'), in the form in which it now appears when Mr. Poindexter signed his name to it? He admits here upon the stand that this is his signature. However, his first defense is that when he signed his name there the instrument was practically blank. In other words, there was a printed form, but the written matter was not then entered, and that therefore it must have been filled out later by some other person, probably the holder. I say, this in his defense. The testimony, as you will observe, is conflicting upon that question. One or two of the witnesses say the instrument was a blank, and others say it was filled out in the form in which it now appears. There are some circumstances tending to corroborate the plaintiffs, and some the defendant; and it is for you, gentlemen, as best you may, to carefully canvass all the testimony and try to reach a conclusion upon which side the truth lies. If you find with the defendant, that this instrument was a blank, your verdict should be for the defendant, because he would not be bound by the action of any one in later filling in the amount of the note. If, upon the other hand, you find he did sign this in its present form, then he is, upon the face of the instrument, bound by it, and should be required to pay it, unless you find in his favor upon the other matter, which I am about to call to your attention."

In view of the general verdict upon this instruction, it must be held that the jury found as a fact that the defendant did not sign the instrument with its conditions of a promise to pay. This being so, it is clearly no longer material to determine whether the instrument, with the conditions in it, is or is not a negotiable promissory note.

5. The evidence supporting the third defense was also submitted to the jury with appropriate instructions, to which no objection was taken. It is not necessary to reproduce those instructions here, but they involved questions of fact concerning the guaranty, tending to show that the preliminary recitals in the "Stockholder's Purchasing Contract" in suit were sufficient, with the surrounding circumstances, to place the plaintiffs on notice that it was not a negotiable promissory note, but a contract of purchase; and the verdict of the jury must be held to have established that fact. This being so, we must say with respect to this defense, as we said with respect to the second defense, it is no longer material to determine as a matter of law whether the instrument set out in the complaint is or is not a negotiable promissory note. It has been found by a verdict of the jury that it was not such an instrument in fact.

The judgment of the court below is affirmed.